# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:26-cv-00412-MR

| | | |
|---|---|---|
| CHARLES B. RANDOLPH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OF |
| | ) | DECISION AND ORDER |
| LESLIE COOLEY DISMUKES, | ) | |
| Secretary, North Carolina | ) | |
| Department of Adult Correction, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on further review of the pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by Charles B. Randolph, (herein "Petitioner") on May 26, 2026. [Doc. 1].

## I.    BACKGROUND

The Petitioner is a prisoner of the State of North Carolina.[1] Petitioner was convicted July 25, 2022, in Mecklenburg County Superior Court on two counts of Statutory Sex Offense with a Child by an Adult. [NCDAC Database at 1]; [Doc. 1 at 1]. In sentencing the Petitioner, the state trial court

---

[1]    See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1688924&searchOffenderId=1688924&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1(herein "NCDAC Database"); Fed. R. Evid. 201.

consolidated the Petitioner's two convictions into one judgment and imposed an active term of imprisonment of 25 to 35 years. [Id. at 2]; [Id.]. The Petitioner's projected release date from imprisonment is March 27, 2043. [NCDAC Database at 1].

After the Petitioner sustained his state court convictions, no direct appeal was filed. As for any post-conviction proceedings, the Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on March 13, 2026, which the appellate court dismissed with prejudice, on March 19, 2026, due to unreasonable delay. North Carolina v. Charles B. Randolph, Docket No. P26-195 (N.C. App. 2026). In his § 2254 petition filed in this Court, the Petitioner raises two claims. [Doc. 1 at pp. 5-7].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner was convicted of his state offenses July 25, 2022. Since no direct appeal was filed, and since Petitioner has not asserted any grounds listed in § 2244(d)(1)(B) through § 2244(d)(1)(D), the Petitioner's convictions became final at the expiration of the time for seeking direct review of them, which is fourteen days under North Carolina law. See N.C.R. App. 4(a) (a party entitled to appeal from a judgment in a criminal action may take appeal by giving oral notice of appeal at trial, or filing notice of appeal with the clerk of superior court within fourteen days after entry of the judgment). Thus, the Petitioner's 365-day limitations period began to run on Monday, August 8, 2022, fourteen days after the entry of his state judgment on Monday, July 25, 2022. The limitations period ran from August 8, 2022, until it expired one year later on Tuesday, August 8, 2023. While Petitioner filed a petition for writ of certiorari with the state appellate court on March 13, 2026, the

Petitioner's filing did not toll the one-year period of limitation, nor did it resurrect such period, as his certiorari petition was filed after the one-year statute of limitation had already expired. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

The § 2254 petition is subject to dismissal as time-barred under § 2244(d)(1)(A), and the Court is without jurisdiction to proceed, unless the Petitioner were able to show that he is entitled to statutory tolling under § 2244(d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies.

By Order entered June 17, 2026, the Court permitted the Petitioner to file a document explaining why his § 2254 petition should not be dismissed as untimely. [Doc. 4]. On July 9, 2026, the Petitioner filed a Response to the Court's Order. [Doc. 5]. The Petitioner's Response did not identify any basis for the application of statutory tolling under § 2244(d)(1)(B)-(D), but did set forth three arguments the Petitioner contends should equitably toll the limitation period.

Equitable tolling of the statute of limitations for an untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). It is appropriate

in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).  A petitioner bears the burden of establishing both elements of the Holland test; failure to establish either element will disqualify him from eligibility for tolling. Lawrence v. Florida, 549 U.S. 327, 336–37 (2007).

In his Response addressing the timeliness of his § 2254 petition, the Petitioner argues that three extraordinary circumstances prevented him from filing this action within the limitations period: (1) the Petitioner's state trial counsel never advised him that he had the right to appeal the state trial court's adverse order on his motion to suppress [Doc. 5 at pp. 1-3]; (2) beginning on or about August 2, 2024, the Petitioner attempted to file multiple delayed "petition/notice of appeal" documents with the North Carolina Court of Appeals [id., at pp. 3-5]; and (3) during the first two years of his confinement on the underlying state judgment, the Petitioner did not have access to a law library.  [Id., at 5].

Before addressing these arguments, the Court notes that the Petitioner has not been diligently pursuing his rights in any consistent or continuous manner. The record clearly shows that since the date of his state court

judgment, July 25, 2022, the Petitioner has not properly filed any documents in the state courts to exhaust his remedies there. The Petitioner filed a petition for writ of certiorari with the state appellate court on March 13, 2026, but that court rejected the Petitioner's filing due to unreasonable delay. He asserts that in August 2022, he contacted North Carolina Prisoner Legal Services and was allegedly told he was not entitled to post-conviction relief, [Doc. 1 at pp. 8; 13], and that he filed multiple delayed notices of appeal beginning in August 2024, with the North Carolina Court of Appeals. [Doc. 5 at pp. 3-5]. However, none of these alleged actions are a proxy for diligence.

First, the Petitioner has offered no evidence to support either his self-serving allegation about contacting North Carolina Prisoner Legal Services, or the details of anything purportedly explained to him by that entity. Next, as for his delayed filings with the North Carolina appellate court beginning in 2024, any such filings are irrelevant as they would have occurred after the one-year federal habeas filing period had already expired. The Petitioner has not been diligent in pursuing his rights for potential habeas relief in this Court.

Even if the Court were to ignore the Petitioner's inattentiveness to pursuing his rights under Holland's first element, he fares no better with any of his arguments under the second Holland element. None of the Petitioner's "extraordinary circumstances" arguments in his Response establish that he

is entitled to equitable tolling to excuse the untimeliness of his § 2254 petition. Even if Petitioner's state trial counsel never advised him about any right to appeal the state trial court's adverse order on his motion to suppress, this in no way inhibited Petitioner's ability to timely file his § 2254 petition in federal court. In other words, regardless of whether the Petitioner knew he could appeal his suppression issue in state court, he had one year to file his federal habeas petition once his state court judgment became final. For this reason, the Petitioner's first equitable tolling argument is rejected.

The Petitioner's second equitable tolling argument, that beginning on or about August 2, 2024, the Petitioner attempted to file multiple delayed "petition/notice of appeal" documents with the North Carolina Court of Appeals, is likewise meritless. Such filing would not have tolled the one-year period of limitation, nor resurrected such period, as these filings would have been made after the one-year statute of limitation had already expired. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

Petitioner's remaining equitable tolling argument is likewise insufficient. The fact that Petitioner is a layman at law and was without access to a law library during the first two years of his state confinement does not constitute the type of extraordinary circumstances that would justify the application of equitable tolling as established by the Supreme Court.

See <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling); <u>Garcia Negrete v. United States</u>, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020) (a petitioner's lack of legal knowledge and lack of law library access do not warrant equitable tolling); <u>Buchnowski v. White</u>, 2013 WL 171540, *3 (W.D.N.C. January 16, 2013) (absence of law libraries is not grounds for equitable tolling).

In sum, the Petitioner fails to show that he diligently pursued his rights, and he likewise fails to show that circumstances external to his own conduct were the bases for the late filing of his § 2254 petition. This matter is not one of those rare instances where, due to circumstances external to Petitioner's own conduct, it would be unconscionable to enforce the limitation period against him. As such, the § 2254 petition shall be dismissed as untimely.

## III. CONCLUSION

For the reasons stated herein, the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as untimely as the Petitioner fails to establish that he is entitled to statutory or equitable tolling of the statute of limitations.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. §

2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED THAT**:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**;

2. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases; and

3. The Clerk of Court is respectfully directed to terminate this case.

**IT IS SO ORDERED.**

Signed: July 16, 2026

Martin Reidinger
Chief United States District Judge

9